NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL RAY RAMBORGER, | No.    16-16349 |
| Petitioner-Appellant, | D.C. No. 2:15-cv-00120-KJN |
| v. | |
| SCOTT FRAUENHEIM, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted January 17, 2019[**]
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and ADELMAN,[***]
District Judge.

Michael Ramborger appeals from the district court's denial of his 28 U.S.C.

§ 2254 habeas corpus petition challenging his conviction and sentence for various

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

drug-related crimes and possession of a handgun and ammunition by a felon. We hold that the state court reasonably rejected Ramborger's argument that his counsel rendered ineffective assistance in connection with plea negotiations, and we therefore affirm the district court's denial of Ramborger's petition.

We review federal habeas corpus petitions under the standard of review set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2254. Section 2254 "bars relitigation of any claim 'adjudicated on the merits' in state court," subject to two narrow exceptions. *Harrington v. Richter*, 562 U.S. 86, 98 (2011). The exceptions apply if a petitioner can show that the state court's previous adjudication of the claim either (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at 97-98 (quoting 28 U.S.C. § 2254(d)). A federal court may not hear a habeas corpus petition unless the petitioner exhausted all available state judicial remedies. *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

Ineffective assistance of counsel claims are governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires showing that counsel's deficient performance fell below an objective standard of reasonableness, *id.* at 688, and that but for trial counsel's unprofessional errors, a

more favorable outcome would have been achieved, *id.* at 694-95. In a plea bargain situation, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012). Where a plea offer has lapsed or been rejected because of counsel's deficient performance, a petitioner must demonstrate a reasonable probability that he would otherwise have accepted the earlier plea offer and that the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it. *Missouri v. Frye*, 566 U.S. 134, 147 (2012).

The State contends that the ineffective assistance of counsel claim Ramborger raises in this appeal is unexhausted. We need not decide whether Ramborger exhausted this precise claim, however, because it fails on the merits regardless. *See* 28 U.S.C. § 2254(b)(2). At best, Ramborger's claim is based on pure speculation that the prosecutor would have welcomed Ramborger's acceptance of the initial offer if Ramborger had communicated an acceptance earlier. Ramborger presents no evidence in the record that would demonstrate a reasonable probability that this would have occurred. And, at worst, Ramborger's claim is belied by the evidence that—unbeknownst to defense counsel—the plea deal had already been withdrawn by the prosecutor at the time that Ramborger blames defense counsel for not convincing him to accept the deal. As the district court correctly held, prosecutors have the unilateral ability to withdraw a plea offer

3

before a petitioner accepts, and Ramborger's counsel "cannot be faulted for failing to inform petitioner of an expiration date of which he was unaware." Ramborger has therefore failed to show that either prong of the *Strickland* test was met: he neither demonstrated that counsel's deficient performance was objectively unreasonable, nor established that the outcome would actually have been different if counsel had not made the alleged errors. *Strickland*, 466 U.S. at 688, 694.

**AFFIRMED.**